**Opinion issued May 23, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00850-CR

————————————

**CLYDE LATRELL GRAY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1562576**

---

## MEMORANDUM OPINION

Pursuant to an agreement with the State, appellant, Clyde Latrell Gray,

pleaded guilty to the felony offense of possession of a controlled substance, namely,

methamphetamine weighing more than four grams and less than 200 grams.[1] The trial found appellant guilty, assessed his punishment at confinement for five years, and certified that appellant had the right to appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has informed the Court that he provided appellant a copy of the brief and motion to withdraw, informed him of his right to obtain and review a copy of the appellate record and file a response to counsel's *Anders* brief, and provided him a form motion to obtain a copy of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d); *see id.* § 481.102(6).

(Tex. Crim. App. 2008).  This Court granted appellant's pro se motion to access the appellate record and extend the time for filing a response, and a copy of the appellate record was sent to appellant.  *See Kelly*, 436 S.W.3d at 319.  Appellant has not filed a response to his counsel's *Anders* brief.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous.  *See Anders*, 386 U.S. at 744 (emphasizing reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record).  We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[2]  Attorney Jerome Godinich, Jr. must immediately send appellant the

---

[2]    Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

3

required notice and file a copy of the notice with the Clerk of this Court. *See* TEX.

R. APP. P. 6.5(c).  We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Justices Lloyd, Landau, and Countiss.

Do not publish.   TEX. R. APP. P. 47.2(b).